Donald Eugene **MEACHUM,**
Petitioner–Appellant,

v.

**UNITED STATES of America,**
Respondent–Appellee.

No. 01–1451.

United States Court of Appeals,
Sixth Circuit.

Nov. 20, 2003.

C. Mark Pickrell, Nashville, TN, for Petitioner–Appellant.

Richard S. Murray, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Respondent–Appellee.

BEFORE: BATCHELDER and ROGERS, Circuit Judges; and BARZILAY,* Judge.

BATCHELDER, Circuit Judge.

This court granted habeas petitioner Donald Meachum ("Meachum") a certificate of appealability to address whether 18 U.S.C. § 2252 violates the First Amendment. Because Meachum has procedurally defaulted his claim, and because intervening United States Supreme Court case law makes clear that § 2252 is constitutional, his motion for habeas relief is denied.

## FACTUAL BACKGROUND

On January 11, 1999, Mr. Meachum accessed the "Kinky Pre–Teen Sex" chat

---

* The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

room from his home in Michigan, and began communicating with an individual using the screen name "Rachel12," who identified "herself" as a 12–year–old girl in California. Meachum requested a picture of Rachel12, and in response Rachel12 asked for "girl/man pics." Meachum responded by sending five pictures of children engaging in sexual activity with adult men. Meachum was then informed that Rachel12 was actually the San Bernardino County, California Sheriff's Department, and he was asked to contact them.

Pursuant to a subsequent FBI investigation, the government filed an information charging Meachum in Count One with violation of 18 U.S.C. § 2252(a)(1), and, in Count Two forfeiture allegations relating to the use of Meachum's computer in the substantive offense contained in Count One. Meachum pled guilty to Count One and conceded the truth of Count Two of the information. Count One stated specifically that Mr. Meachum shipped in interstate commerce "one or more visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct...." Mr. Meachum confirmed that the depictions included minors at the plea hearing:

> THE COURT: How do you know the girls were under age?
>
> THE DEFENDANT: They looked young enough to be under 18....
>
> THE COURT: ... Mr. Meachum, would it be accurate to say that this girl or these girls were more in the nature of being around ten years old than 18 years old?
>
> THE DEFENDANT: I would say that would be closer but I thought maybe 13 or so. I'm not a good judge of age.
>
> THE COURT: All right. But there's no question in your mind, is there, or there is no question at that time that

these girls were definitely quite young girls and clearly under 18?

> THE DEFENDANT: Yes, your Honor.

Meachum was sentenced to the minimum of 37 months in prison. He did not file an appeal, but rather filed the instant 28 U.S.C. § 2255 action to vacate his sentence. Meachum's § 2255 motion included, *inter alia*, the claim that his sentence violated the First Amendment, which he supported with the following statement:

> It was never settled as to whether the visual depiction was an actual minor or a generated image. Suppression of a whole section of expression does undermine the First Amendment. 9th Circuit.

The magistrate judge interpreted Mr. Meachum's reference to the Ninth Circuit to be an allusion to *United States v. X–Citement Video*, 982 F.2d 1285 (9th Cir. 1992) (striking down § 2252 for failure to include a scienter requirement), *rev'd*, 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994). Because the First Amendment issue could have been raised on direct appeal, the magistrate found that the § 2255 claim was precluded in the absence of a showing of cause and prejudice. Furthermore, because the Supreme Court had reversed the Ninth Circuit, the judge found Mr. Meachum's claim meritless and therefore incapable of satisfying the cause and prejudice standard.

In his objections to the Report and Recommendation of the magistrate, Mr. Meachum alleged ineffective assistance of counsel. In support of his claims, he clarified that the Ninth Circuit case to which he had previously referred was *Free Speech Coalition v. Reno*, 198 F.3d 1083 (9th Cir.1999), *aff'd sub nom. Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), and further argued, based upon his reading of *United States v. X–Citement Video*, that he lacked the requisite knowledge of the

minor's actual age. The district court began by noting that Meachum had failed to take a direct appeal, and therefore his claims (with the exception of ineffective assistance of counsel) were barred unless he demonstrated cause and prejudice. The court then rejected the substance of Meachum's claims, noting that the *Free Speech Coalition* case was decided by the Ninth Circuit five months after Meachum was sentenced, and therefore "his counsel could not be expected to have known of its existence or to have reasonably anticipated it." The court also rejected Mr. Meachum's "narrow" reading of *X–Citement Video,* finding that the case requires only that the accused know that the individual depicted is below the age of majority-which the court concluded was not a question in this case, given Mr. Meachum's admission that he believed the girls to be approximately 13 years old. After the district court rejected Meachum's Motion for Certificate of Appealability, this court granted review on the sole issue of whether § 2252 violates the First Amendment.

## ANALYSIS

Counsel for Meachum notes on the last page of the appellate brief that Meachum failed to raise his constitutional challenge to § 2252(a)(1) until his collateral attack. Counsel concedes that because of this failure, Meachum may not raise his First Amendment objection unless he demonstrates cause for, and prejudice resulting from, this failure to raise the claims during the original action and appeal. Finally, counsel recognizes that "[i]n light of the scope of the issue specified for appeal by this Court in the certificate of appealability, which does not specify any procedural issues regarding Meachum's § 2255 petition, it does not appear that raising these issues on appeal is permissible." Counsel is correct in his reluctant conclusion that this claim is procedurally barred. *United*

*States v. Frady,* 456 U.S. 152, 167–69, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Because Meachum does not and, because of the clear constitutionality of the statute, cannot offer any justifications which would meet the requisite burden of cause and prejudice, his claim must be denied.

The merits argument offered by Meachum confirms that he cannot meet the burden of cause and prejudice. Meachum argues that § 2252(a)(1) is overbroad because the language could be construed to cover depictions which do not involve actual minors. He specifically points to the language in § 2252(a)(1)(A) which prohibits transporting depictions if "the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct[.]" Meachum focuses on the word "involves," stating:

> by using the word "involves" without specific qualifying language such as "actually involves" or "involves in reality," the phrase "involves the use of a minor engaging in sexually explicit conduct" in the statute encompasses a picture, however produced, that simply *appears* to "involve" a minor.

He therefore attempts to extend the reasoning of the Ninth Circuit's (and the Supreme Court's) opinion in *Free Speech Coalition,* which struck down the "virtual" pornography provisions of § 2256(8)(B) & (D), to the actual child pornography provision found in § 2252(a)(1).

Meachum points to an ambiguity that just isn't there, either on the face of the statute, or in legislative intent. The Ninth Circuit made clear the distinction between the language at issue in § 2252(a)(1), and the virtual pornography language at issue in the Child Pornography Prevention Act found at § 2256(8)(B) & (D):

> The Child Pornography Prevention Act of 1996 expanded the law to combat the

use of computer technology to produce pornography containing images that look like children.... Congress had always acted to prevent harm to real children. In the new law, Congress shifted the paradigm from the illegality of child pornography that involved the use of real children in its creation to forbid a "visual depiction" that "is, or appears to be, of a minor engaging in sexually explicit conduct."

*Free Speech Coalition,* 198 F.3d at 1089 (quoting 18 U.S.C. § 2256(8)(B)). Thus, Congress passed the provisions at issue in *Free Speech Coalition* specifically because § 2252(a)(1) did *not* address depictions other than those which, to borrow Meachum's phrase, "actually involve[ ]" minors.

In affirming the Ninth Circuit, the United States Supreme Court reaffirmed the state's interest in preventing the "actual" child pornography at issue in § 2252(a)(1). *See Ashcroft v. Free Speech Coalition,* 535 U.S. at 249 ("Where the images are themselves the product of child sexual abuse, [*New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) ] recognized that the State had an interest in stamping it out without regard to any judgment about its content."). Furthermore, the Supreme Court reaffirmed that "[t]he freedom of speech has its limits; it does not embrace certain categories of speech, including ... pornography produced with real children." *Id.* at 245–46. Accordingly, because 18 U.S.C. § 2252, the statute under which Meachum was charged, does not prohibit depictions other than those which actually involve minors, the statute does not run afoul of the Supreme Court's decision in *Free Speech Coalition* or the First Amendment, and Meachum therefore cannot demonstrate prejudice.

## CONCLUSION

For the foregoing reasons, Appellant's motion for relief under 28 U.S.C. § 2255 is DENIED.